## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| SAMUEL KWUSHUE, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:15-CR-0398-SCJ-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:18-CV-5591-SCJ-JFK |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered under the above criminal docket number.  The matter is before the Court on the § 2255 motion [106], Respondent's response and motion to dismiss [136], and Movant's reply [137].[1]  For the reasons discussed below, Movant's motion to vacate is due to be denied.

## I.   Background

Movant, who owned and operated KD Metro Tropical Market (KD Metro), processed Electronic Benefit Transfer (EBT) card transactions on behalf of Supplemental Nutrition Assistance Program (SNAP) food stamp recipients.

---

[1]Movant has filed two identical replies, and the Court will refer to the first reply. (Mov't Replies, ECF Nos. 137, 138).

(Indictment at 3, ECF No. 1).  Movant provided cash to recipients in exchange for EBT card payments (which is prohibited by law) and extracted fees for doing so, keeping approximately forty-percent of the amount received from the food stamp program.  (Id. at 3-4).  The Grand Jury for the Northern District of Georgia indicted Movant on eight counts of wire fraud, in violation of 18 U.S.C. § 1343.  (Id.).

Movant pleaded guilty to all counts.  (Plea with Counsel, ECF No. 25-1; Tr. for Plea Hr'g, ECF No. 49).  On August 19, 2016, the Court imposed a fifty-one month term of imprisonment.  (J., ECF No. 40).

Movant directly appealed, and the Eleventh Circuit Court of Appeals confirmed the judgment against him.  United States v. Kwushue, 735 F. App'x 693, 694 (11th Cir. 2018).  On November 5, 2018, the United States Supreme Court denied *certiorari*. Kwushue v. United States, _ U.S. _, 139 S. Ct. 473 (2018).

Movant now brings this § 2255 motion and asserts eight grounds for relief: (1) jurisdictional error; (2) due process error; (3) a fundamental miscarriage of justice and factual innocence on (a) wire fraud, (b) the restitution amount, and (c) the leadership role enhancement; (4) improper calculation of the loss amount; (5) improper forfeiture procedure and order; (6) an inaccurate pre-sentence report; (7) unsupported conditions/length of supervised release; and (8) ineffective assistance of counsel for

2

(a) failing to object in regard to the district court's jurisdiction, (b) inducing Movant with incorrect advice and threats to plea guilty, (c) failing to file a claim challenging administrative forfeiture and the forfeiture amount, (d) failing to file mitigating documents to preserve issues for appeal, (e) a due process violation and threat to Movant and his family, (f) failing to argue the estimated loss amount using the government benefits rule in U.S.S.G. § 2B1.1, (g) failing to investigate mitigating evidence, and (h)[2] ineffective assistance of appellate counsel. (Mov't Mem. at 1-45, ECF No. 106-1).

## II.   28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. The § 2255 movant bears the burden to establish his right to collateral relief, Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015), which is limited.

---

[2]The Court enumerates as ground eight (h) Petitioner's claim of ineffective assistance by appellate counsel, which Petitioner placed at the end of ground eight.

AO 72A
(Rev.8/82)

"Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." Stoufflet v. United States, 757 F.3d 1236, 1239 (11th Cir. 2014) (quoting United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000)) (internal quotation marks omitted). Further, collateral review of a claim that could have been raised on direct appeal, but was not, is foreclosed unless the movant can show cause and prejudice for his default or actual innocence. Fordham v. United States, 706 F.3d 1345, 1349 (11th Cir. 2013).[3] Thus, "[o]nce [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," and "to obtain collateral

---

[3]"[T]o show cause for procedural default, [a movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal . . . " or that the matter was not raised because of ineffective assistance of counsel. Lynn v. United States, 365 F.3d 1225, 1235 (11th Cir. 2004); see also Reece v. United States, 119 F.3d 1462, 1468 (11th Cir. 1997) (holding that, absent an "objective factor external to the defense" as cause, the movant must show that the default was caused by ineffective assistance of counsel (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)) (internal quotation marks omitted)). If a petitioner shows cause, he also must show prejudice – that the error complained of "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Reece, 119 F.3d at 1467 (emphasis in original) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (internal quotation marks omitted). To make a credible showing of actual innocence, "a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of . . . new evidence of innocence." McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (alteration in original) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

4

relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." Frady, 456 U.S. at 164, 166.

Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn, 365 F.3d at 1232 (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted). Thus, a constitutional claim of ineffective assistance of counsel is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts. Massaro v. United States, 538 U.S. 500, 505-09 (2003).

"The district court is not required to grant a petitioner an evidentiary hearing if the § 2255 motion 'and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (quoting § 2255(b)). That is the case here, as shown in the discussion below.

## III.   Discussion

### A.   Grounds One, Two, and Three (a)

On direct appeal, Movant argued that, in violation of due process, his guilty plea was not knowing or voluntary because it was based on an insufficient basis in that he

AO 72A
(Rev.8/82)

used only intra-state wires and did not use inter-state wires.  Br. for Appellant at 39-43, Kwushue, 735 F. App'x 693, 2017 WL 2061200.  The Eleventh Circuit Court of Appeals found no error.  Kwushue, 735 F. App'x at 694.

In his § 2255 motion, Movant asserts (1) jurisdictional error because the district court was without jurisdiction when the conduct asserted in the indictment involved only intra-state wire communications and, thus, did not fall within the sweep of § 1343; (2) due process error because the district should not have accepted his guilty plea when the factual conduct – use of intra-state wires and cash exchange for food stamps – was insufficient to support his conviction, rendering his guilty plea invalid; and (3)(a) a fundamental miscarriage of justice and factual innocence on wire fraud because there was no record of inter-state wire transmission or a scheme to defraud the food stamp recipients.  (Mov't Mem. at 1-11).

Respondent argues that the Eleventh Circuit has already rejected the claim that only intra-state wire was involved and was insufficient to show a violation of § 1343 and that Movant cannot collaterally re-litigate the matter.  (Resp't Resp. at 10-11, ECF No. 136).

In reply, Movant argues that he did not raise on appeal the district court's lack of jurisdiction and that he can raise it for the first time collaterally.  (Mov't Reply at

6

2-4).  Movant also argues that he did not raise actual innocence on direct appeal and that he has supported his claim with new evidence, exhibits SK1, 7, and 11.  (Id. at 6).[4] Otherwise, Movant's reply does not add significantly to his grounds one through three(a).  (Id. at 2-6).

The Court agrees with Respondent that Movant cannot re-litigate his claims (whether couched as a jurisdictional matter or otherwise) based on the contention that only intra-state wire was involved.  The matter has been decided.  See Stoufflet, 757 F.3d at 1239.  As to Movant's assertion of a fundamental miscarriage of justice or actual innocence, Movant's exhibits SK1, 7, and 11 do not qualify as new evidence, and Movant shows no retroactive change in law that would render the Eleventh Circuit Court of Appeal's decision "incorrect as a matter of constitutional law or a complete miscarriage of justice."  Stoufflet, 757 F.3d at 1242 (citing Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012) ("At least where there has been no intervening change in controlling law, a claim or issue that was decided against a defendant on direct

---

[4]In support of his argument that the SNAP/EBT payment process is intra-state, Movant submitted exhibit SK7 (a copy of 7 C.F.R. 274.8(b)(10)(i)) and exhibit SK11 (a copy of 31 C.F.R. 210.7(a)).  (Mov't Mem. at 9; Mov't Exhs. SK7, SK11, ECF No. 106-2).  As to SK1 (counsel's letter rebuking Movant's wife for contacting the probation officer directly), Movant has stated that he could not assert his innocence at sentencing because of counsel's threat of a longer sentence in said letter.  (Mov't Mem. at 11; Mov't Exh. SK1).

AO 72A
(Rev.8/82)

appeal may not be the basis for relief in a § 2255 proceeding.")).  Grounds one, two, and three (a) fail.

To the extent that Movant in ground three (a) raises a new claim by asserting that there is no record of a scheme to defraud food stamp recipients, the claim is now foreclosed.  Movant could have, but did not, raise it on direct appeal and has not shown cause and prejudice for not doing so.  See Fordham, 706 F.3d at 1349.  Further, the factual basis for Movant's plea shows that Movant was responsible for false and fraudulent transactions with SNAP, which defrauded the SNAP program.  (See Tr. for Plea Hr'g at 20 and generally at 15-24).  Movant routinely took for himself approximately forty percent of the benefit (that SNAP sent to the recipient and debited to the recipient's SNAP account) and paid the remaining portion of the benefit to the recipient in cash, when SNAP sent the funds on the agreed-to understanding that the funds were going to the recipient to pay for appropriate food items.  The amount taken reduced the SNAP funds available for the intended purpose of alleviating hunger and malnutrition among low income families.  The amount taken by Movant for himself was an amount to which he had no entitlement and reduced the funds available to individual recipients in their SNAP allotments.  There is sufficient evidence of a scheme to defraud.  See United States v. Hasson, 333 F.3d 1264, 1270-71 (11th Cir.

8

2003) ("A scheme to defraud requires proof of material misrepresentations, or the omission or concealment of material facts.").

**B.    Ground Three (b)**

On direct appeal, Movant argued that the district court erred in determining the loss amount and restitution.  Br. for Appellant at 15-32, Kwushue, 735 F. App'x 693, 2017 WL 2061200.  The Eleventh Circuit Court of Appeals found no error.  Kwushue, 735 F. App'x at 694.

In ground three (b), Movant asserts a fundamental miscarriage of justice and factual innocence on the restitution amount because the money was deposited in the account for KD Metro – a separate legal entity – and there is no evidence that the proceeds of the food stamp transactions went to Movant personally.  (Mov't Mem. at 11-14).  Respondent argues that ground three (b) is a challenge to restitution that is not cognizable in § 2255 proceedings.  (Resp't Resp. at 12).  Movant's reply adds nothing to his previous argument that changes the outcome.  (Mov't Reply at 6-8).

Respondent is correct.  Section 2255 does not extend to noncustodial aspects of a sentence such as restitution.  Mamone v. United States, 559 F.3d 1209, 1211 (11th Cir. 2009) ("Mamone cannot utilize § 2255 to challenge his restitution.").  Ground three (b) fails.

9

**C.**     **Ground Three (c)**

On direct appeal, Movant argued that the district court's application of a four-level enhancement for Movant's role in the offense was error because he did not exercise supervisory authority over other participants in the offense.  Br. for Appellant at 32-39, Kwushue, 735 F. App'x 693, 2017 WL 2061200.  The Eleventh Circuit Court of Appeals found no error.  Kwushue, 735 F. App'x at 694.

In his § 2255 ground three (c), Movant asserts a fundamental miscarriage of justice and factual innocence in regard to his role in the offense.  (Mov't Mem. at 14-16).  Movant argues that he did not exert authority over another person.  (Id.).  Respondent argues that this claim was adjudicated on direct appeal and cannot be collaterally re-litigated.  (Resp't Resp. at 11).  Movant's reply adds nothing that changes the outcome.  (Mov't Reply at 8-9).

The Court agrees with Respondent that Movant cannot re-litigate his ground three (c) claim.  The matter has been decided.  See Stoufflet, 757 F.3d at 1239.  As to Movant's assertion of a fundamental miscarriage of justice in ground three (c), Movant shows no retroactive change in law that would render the Eleventh Circuit Court of Appeal's decision "incorrect as a matter of constitutional law or a complete miscarriage of justice."  Stoufflet, 757 F.3d at 1242 (citing Rozier, 701 F.3d at 684

10

("At least where there has been no intervening change in controlling law, a claim or issue that was decided against a defendant on direct appeal may not be the basis for relief in a § 2255 proceeding.")).  Grounds three (c) fails.

### D.   <u>Ground Four</u>

On direct appeal, Movant argued that the district court erred in determining the loss amount under U.S.S.G. § 2B1.1 when it relied on a comparable-store comparison method of calculating estimated loss and that the court should have used the government benefits rule.  Br. for Appellant at 15-28, <u>Kwushue</u>, 735 F. App'x 693, 2017 WL 2061200.  The Eleventh Circuit Court of Appeals found no error.  <u>Kwushue</u>, 735 F. App'x at 694.

In ground four, Movant asserts that the court erred in calculating the loss amount under § 2B1.1 and that it should have calculated the loss by using the government benefits rule.  (Mov't Mem. at 16-21).  Respondent argues that this claim was adjudicated on direct appeal and cannot be collaterally re-litigated.  (Resp't Resp. at 11).  Movant replies but adds nothing that changes the outcome.  (Mov't Reply at 9-10).

11

The Court agrees with Respondent that Movant cannot re-litigate his ground four claim. The matter has been decided. See Stoufflet, 757 F.3d at 1239. Grounds four fails.

### E.   **Ground Five**

In ground five, Movant challenges the use of improper forfeiture procedures and the Court's order directing counsel for the United States "to inquire of and recommend to the Department of Justice that the $27,091.17 seized from [Movant] via administrative forfeiture be applied toward the restitution obligation." (Mov't Mem. at 21-24 (citing J. at 5)).

Respondent argues that this claim does not relate to Movant's custody and is not cognizable in his § 2255 proceedings. (Resp't Resp. at 13). Movant replies but adds nothing that changes the outcome. (Mov't Reply at 11-12).

As indicated earlier, § 2255 does not extend to noncustodial aspects of a sentence such as restitution or forfeiture. See Mamone, 559 F.3d at 1211; see also United States v. Finze, 428 F. App'x 672, 677 (9th Cir. 2011) (holding that forfeiture claim is not cognizable under § 2255 and citing Mamone); Saldana v. United States, 273 F. App'x 842, 844 (11th Cir. 2008) (finding that § 2255 forfeiture claim was sufficiently addressed by district court when it addressed the movant's claim that

12

counsel was ineffective for failing to challenge the sufficiency of the evidence supporting the forfeiture orders and found that "a challenge to a forfeiture order is outside the scope of a § 2255 proceeding"); Green v. United States, 2:12-CR-5-FTM-29CM, 2017 WL 3327588, at *2 (M.D. Fla. Aug. 2, 2017) ("Because a successful challenge to the Final Order of Forfeiture would in no part relieve petitioner from his physical confinement, § 2255 is not the proper vehicle to seek non-custodial relief that is otherwise barred."). Accordingly, ground five fails.

### F.    <u>Ground Six</u>

Movant argues in ground six that the court erred in adopting the presentence investigation report, which contradicted itself and was inaccurate. (Mov't Mem. at 24-28).

Respondent argues, *inter alia*, that ground six is procedurally barred by Movant's failure to raise the claims on direct appeal. (Resp't Resp. at 13-14). Movant replies that the reason he did not raise the issue on direct appeal was because relevant

13

documents, exhibits SK2-5, 6A, 6B, 8, and 8A,[5] were not available for appellate counsel's use.  (Mov't Reply at 13).

The Court agrees with Respondent that ground six is procedurally defaulted. See Fordham, 706 F.3d at 1349.  Further, in ground six, Movant fails to show cause and prejudice for his failure to pursue the issue on appeal and fails to meet the standard for actual innocence.  (See Mov't Mem. at 24-28); see McKay, 657 F.3d at 1196; Lynn, 365 F.3d at 1235.  The exhibits to which Movant refers are documents that are dated prior to sentencing (with the exception of SK 8A, Supporting Statement for S Corporation, which bears no date).  Movant shows no reason why he could not have submitted these materials to appellate counsel and fails to show cause for his procedural default.  Ground six fails.

_____

[5]SK2 is a January 22, 2016, letter to Movant; SK3 is an August 12, 2016, letter from Movant; SK4 is an August 14, 2016, email exchange with Movant's wife; SK5 is an August 11, 2016, letter from Movant; SK6A is a December 31, "9999[,]" verification of state tax registration by KD Metro; SK6B is a November 2015 credit union statement for KD Metro; SK8 is an undated Supporting Statement for S Corporation, Kuriof Daleth Enterprises; SK8A is a 2014/2015 income tax filing for Kuriof Daleth Enterprises.  (Mov't Exs. SK2-5, 6A, 6B, 8, and 8A).

AO 72A
(Rev.8/82)

### G.   **Ground Seven**

Movant argues in ground seven that the Court erred imposing the supervised release term, both as to certain conditions and as to length.  (Mov't Mem. at 28-29).

Respondent argues, *inter alia*, that ground seven is procedurally barred by Movant's failure to raise the matter on direct appeal.  (Resp't Resp. at 16).

The Court agrees with Respondent that ground seven is procedurally defaulted. See Fordham, 706 F.3d at 1349.  Further, in ground seven, Movant fails to show cause and prejudice for his failure to pursue the issue on appeal and fails to meet the standard for actual innocence.  (See Mov't Mem. at 28-29).  Ground seven fails.

### H.   **Ground Eight**

In ground eight, Movant asserts ineffective assistance of counsel for (a) failing to object in regard to the district court's jurisdiction, (b) inducing Movant with incorrect advice and threats to plea guilty, (c) failing to file a claim challenging administrative forfeiture and the forfeiture amount, (d) failing to file mitigating documents to preserve issues for appeal, (e) a due process violation and threat to Movant and his family, (f) failing to argue the estimated loss amount using the government benefits rule in U.S.S.G. § 2B1.1, (g) failing to investigate mitigating evidence, and (h) ineffective assistance of appellate counsel.  (Mov't Mem. at 29-46).

15

Movant's ground eight claims are presented separately below, along with Respondent's responses.  Movant has replied, but his reply does not add significantly to his ground eight claims as presented in his memorandum for his motion to vacate.  (See Mov't Reply at 15-17).

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him.  Id. at 690-92.  The Court may resolve an ineffective assistance claim based on either of the above prongs.  Pooler v. Sec'y, Fla. Dep't of Corr., 702 F.3d 1252, 1269 (11th Cir. 2012).

Under the first prong, a petitioner must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  Strickland, 466 U.S. at 690.  The petitioner must show that "no competent counsel would have taken the action that his counsel did take."  United States v. Freixas, 332 F.3d 1314, 1319-20 (11th Cir. 2003) (internal quotation marks omitted).  Under the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of

16

the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.  The habeas petitioner has the burden of affirmatively proving prejudice, and a "conceivable effect" on the proceedings does not show prejudice.  Wood v. Allen, 542 F.3d 1281, 1309 (11th Cir. 2008) (quoting Strickland, 466 U.S. at 693) (internal quotation marks omitted).

Claims of ineffective assistance of appellate counsel also are governed by the Strickland test.  Butts v. GDCP Warden, 850 F.3d 1201, 1204 (11th Cir. 2017), cert. denied, _ U.S. _, 138 S. Ct. 925 (2018).  The movant must demonstrate deficient performance by counsel and demonstrate that, if counsel had not performed deficiently, "there is a reasonable probability of a different result in the appeal had the claim been presented in an effective manner[.]"  Id.

### a.   Failing to Object to the District Court's Jurisdiction

Movant argues that counsel was ineffective for failing to object that the district court was without jurisdiction as Movant's conduct was outside the sweep of § 1343. (Mov't Mem. at 30-31).  Respondent argues that Movant's attempt to show that counsel was ineffective fails in light of the Eleventh Circuit Court of Appeals rejection

17

of his claim that the factual basis did not support his § 1343 conviction.  (Resp't Resp. at 20-21).

As found by the Eleventh Circuit Court of Appeals and as discussed above in relation to grounds one, two, and three (a), Movant does not show that his conduct fell outside the scope of § 1343.  Movant fails to show that counsel was ineffective in failing to pursue a meritless objection.  See Barnes v. Sec'y, Fla. Dep't of Corr., No. 18-15273-E, 2019 WL 1472977, at *1 (11th Cir. Mar. 27, 2019) ("Counsel was not ineffective for failing to make a meritless objection." (citing Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994))).

### b.     Inducing Movant with Incorrect Advice and Threats to Plea Guilty

At the plea colloquy, the Court asked Movant, "Has anybody used any force or threat of force that made you come in here this afternoon and enter this plea of guilty?" and "Has anybody promised you anything in order to get you to enter this plea of guilty?"  (Tr. for Plea Hr'g at 8).  Movant responded no to each question.  (Id.).  At sentencing, Movant received a three-level reduction to his offense level based on his plea of guilty and truthfully admitting his conduct.   (PSR ¶ 32, ECF No. 44).  Accordingly, with the benefit of the three-level reduction, his guidelines offense level

was twenty-six and his guidelines range was sixty-three to seventy-eight months.  (Tr. for Sentencing at 3-4, 86, ECF No. 50).[6]

Movant (1) argues that counsel was ineffective because he advised Movant that his conduct violated § 1343, when the wire transactions were intra-state and there was no scheme to defraud, and because counsel's threat of a longer sentence pervaded counsel's pre-plea discussions and (2) asserts that he would not have pleaded guilty but for counsel's erroneous advice and threat.  (Mov't Mem. at 32-34).

Respondent argues that, as previously shown, Movant cannot show ineffective assistance based on his assertion that his conduct did not violate § 1343.  (Resp't Resp. at 21).  Respondent further argues that the plea colloquy shows that Movant was not threatened into pleading guilty.  (Id. at 21-22).

To succeed on a claim that a guilty plea was obtained in violation of the Sixth Amendment right to counsel, a movant must show that "(1) counsel's advice was deficient; and (2) 'but for counsel's errors, [there is a reasonable probability that] he would not have pleaded guilty and would have insisted on going to trial.'"  Lynch v. Sec'y, Fla. Dep't of Corr., 776 F.3d 1209, 1218 (11th Cir. 2015) (quoting Hill v.

---

[6]The Court varied down to an offense level of twenty-two and imposed a fifty-one month term of imprisonment.  (Tr. for Sentencing at 110).

Lockhart, 474 U.S. 52, 58-59 (1985)).  Additionally, in considering the validity of a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. . . . Solemn declarations in open court carry a strong presumption of verity."  Winthrop-Redin v. United States, 767 F.3d 1210, 1216-17 (11th Cir. 2014) (alteration in original) (quoting Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)) (internal quotation marks omitted).

In deciding whether or not to plead guilty, a defendant must weigh the advantages and disadvantages of going to trial versus pleading guilty – which include "the possibility of a heavier sentence following a guilty verdict after a trial."  Brady v. United States, 397 U.S. 742, 749 (1970).  A guilty plea is not coerced and invalid simply because it is motivated by the desire to accept a probable lesser penalty rather than risking a possible higher penalty if convicted at trial.  Id. at 751 ("We decline to hold . . . that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged.").  Counsel's advice in regard to potential sentencing exposure is proper legal advice, not

20

coercion.  United States v. Lee, 3:16-CR-00041-HZ, 2019 WL 123873, at *5 (D. Or.

Jan. 7, 2019) ("[A] counsel's assessment and communication of the likelihood of

success at trial and the possibility of a longer sentence following a guilty verdict is not

'coercion,' but rather the hallmark of legal advice."); United States v. Taylor, 254 F.

Supp. 3d 145, 159 (D. D.C. 2017) ("The defendant does not contest the accuracy of his

counsel's advice, . . . and correctly informing a defendant that he may face a greater

sentence after conviction at trial is not coercion, and in fact, failure to do so may

qualify as ineffective assistance of counsel.")  "The Court allows only challenges to the

voluntary and intelligent entry of the plea if a convicted defendant can prove 'serious

derelictions' in his counsel's advice regarding the plea." Stano v. Dugger, 921 F.2d

1125, 1150-51 (11th Cir. 1991) (quoting McMann v. Richardson, 397 U.S. 759, 774

(1970)).

As discussed elsewhere, there is no error in regard to the application of § 1343

to Movant's conduct and, thus, there is no deficiency by counsel on the matter that

affected the validity of Movant's guilty plea.  Additionally, Movant informed the Court

under oath that no one had forced him to plead guilty, which carries a strong

presumption of truth. Winthrop-Redin, 767 F.3d at 1216-17.  Further counsel's pre-

plea verbal threat of a longer sentence is insufficient to show that counsel was deficient

21

or improperly compelled Movant to plead guilty.  See Lee, 2019 WL 123873, at *5;

Taylor, 254 F. Supp. 3d at 159.  Also, it is apparent that advice that a guilty plea would

avoid a longer sentence was correct in that Movant's offense level was reduced by his

decision to take responsibility and plead guilty.  Movant fails to show that his guilty

plea is invalid based on serious derelictions in his counsel's advice.

c.    **Failing to File a Claim Challenging Administrative Forfeiture and Forfeiture Amount**

The indictment against Movant contains a forfeiture provision for property

constituting or derived from proceeds obtained as a result of Movant's offense.

(Indictment at 4-5).  At sentencing, the court inquired regarding forfeiture, and the

government stated, "There were two seizures that were done in the amounts of

$2,695.94 and $24,435.23.  And for those seizures the FBI has already sent notice to

the defendant and the defendant did not file a claim, so the FBI will be issuing

declarations of forfeiture on those matters."  (Tr. for Sentencing at 86).  Counsel for

Movant asked that the amount forfeited, $27,091.17,[7] be subtracted from the amount

of restitution owed.  (Id. at 95).  Counsel for the government stated he could not make

---

[7]$2,695.94 and $24,435.23 equal $27,131.17, and it is unclear why counsel
referred to $27,091.17.  The matter, however, does not change the result

22

that happen but that he would make such a recommendation to the appropriate office within the Justice Department.  (Id. at 97, 113).

Movant asserts that counsel was ineffective (1) for failing to file a claim or contest forfeiture in respect to the seizures of $2,695.94 from a bank account, $9,990.94 from Movant's person and car, and $14,444.29 from within Movant's store (the $9,990.94 and the $14,444.29 seizures equal the $24,435.23 referred to at sentencing); (2) for advising Movant that counsel would recommend subtracting the forfeiture amount from the restitution amount, which Movant considered to be a pre-determination of guilt on the money seized; (3) failing to challenge the government's failure to dismiss the forfeiture count; and (4) failing to challenge the alleged forfeiture amount of $27,091.17 when only $24,435.24 was reported in the PSR.  (Mov't Mem. at 34-37; PSR ¶ 17).

Respondent argues that challenges to administrative forfeiture, or counsel's assistance in regard to the same, are not cognizable in these proceedings.  (Resp't Resp. at 22-23).

As stated earlier, collateral relief is not available for matters that do not go to custody.  Mamone, 559 F.3d at 1211.  Here, even if the Court were to find that counsel was deficient, relief in regard to forfeiture or restitution would not be available.  Hence,

23

Case 1:15-cr-00398-SCJ-JFK   Document 141   Filed 05/13/19   Page 24 of 35

Movant's claim of ineffective assistance of counsel on the matter fails.  <u>See</u> <u>Arnaiz v.</u> <u>Warden, Fed. Satellite Low</u>, 594 F.3d 1326, 1327, 1330 (11th Cir. 2010) (affirming dismissal of habeas petition that challenged restitution and asserted ineffective assistance of counsel in regard thereto).

### d.    **Failing to File Mitigating Documents to Preserve Issues for Appeal**

Movant argues that counsel was ineffective for failing to file in the record certain documents relevant to "every aspect of the proceeding in respect of restitution and forfeiture[.]"  (Mov't Mem. at 40).

Respondent argues that Movant fails to show prejudice.  (Resp't Resp. at 23).

As stated above in regard to ground eight (c), even if the Court were to find that counsel was ineffective, relief in regard to forfeiture or restitution would not be available.  Hence, Movant's claim of ineffective assistance of counsel on an issue affecting only non-custodial matters fails.  <u>See</u> <u>Arnaiz</u>, 594 F.3d at 1327, 1330.

### e.    **A Due Process Violation and Threat to Movant and His Family**

Although counsel objected to several matters in the PSR, (PSR ¶¶ 14, 22, 26, 28), Movant now argues that counsel provided ineffective assistance (1) because she was dismissive of Movant's requests to object in regard to other error in the PSR (not

24

specified my Movant) and (2) because she reprimanded Movant's wife for directly contacting the probation officer in an attempt to correct certain matters in the PSR and stated that disregarding counsel's advice could result in a longer sentence, which created fear in Movant so that he could not object at sentencing to (a) the insufficient factual basis for his guilty plea, (b) the PSR, (c) forfeiture procedure, or (d) the Court's jurisdiction.  (Mov't Mem. at 41-42).

Respondent argues that Movant fails to show that counsel was deficient for failing to raise additional objections to the PSR or that he was prejudiced by counsel's actions.  (Resp't Resp. at 23-24).

Movant fails to show prejudice under <u>Strickland</u> because he fails to identify specific objections that counsel should have raised or show how or why there is a reasonable probability that those objections would have changed the sentencing outcome, which was already very favorable to Movant.  Movant also fails to show prejudice based on his alleged fear preventing him from raising certain matters.  As previously stated, Movant's quarrel with the factual basis for the guilty plea and the Court's jurisdiction under § 1343 fails.  Additionally, a challenge to counsel's actions on forfeiture are not cognizable in these proceedings, and Movant does not identify what specific challenge to the PSR he otherwise would have raised.

25

### f.   Failing to Argue Estimated Loss Amount Using Government Benefits Rule in U.S.S.G. § 2B1.1

The government calculated the loss amount at $5,292,958.57 based on comparisons of SNAP redemptions between Movant's store, KD Metro, and similarly-sized convenience stores in the surrounding area, statewide, and nationally, all of which showed an estimated loss of five million and which resulted in an eighteen-level enhancement under U.S.S.G. § 2B1.1(b)(1)(J). (PSR ¶¶ 13, 14, 21, 22, 26; Sentencing Mem. by USA at 2-5, ECF No. 38).

Movant, through counsel, objected to the loss amount.  (Id. at 4).  In his sentencing memorandum, Movant asserted that the government's method of calculating the loss was flawed.  (Sentencing Mem. by Mov't at 1, ECF No. 37).  Movant argued –

> In this case, the government's loss calculation is flawed.  First, the government compared [Movant's] store to stores that were a third to two thirds the size of his store by square footage.  Those stores would necessarily carry less inventory and have lower sales than [Movant's]. Second, the government did not use the inventory method used in other cases like United States v. Lulseged, 1:14-CR-260-LMM, where the analyst or case agent totals the invoices from wholesalers and other grocery suppliers for EBT approved items, adds a standard industry markup and deducts that amount from the total of EBT transactions. Finally, during an at least 16 month investigation, the government did not conduct enough surveillance over a day or days to be able to establish

26

> what percentage of customers were legitimately buying approved EBT
> items and which were exchanging food stamps for cash, or a mix thereof.

(Sentencing Mem. by Mov't at 3).

The Court overruled Movant's objection on the loss amount and found that Movant's guidelines offense level was twenty-six, with a guidelines range of sixty-three to seventy-eight months. (Tr. for Sentencing at 69-70, 86). As stated elsewhere, the Court varied down to an offense level of twenty-two and imposed a fifty-one month term of imprisonment. (Id. at 110).

On direct appeal, Movant, through appellate counsel, argued that the district court erred in calculating the estimated loss under the comparable-store comparison method and that "[t]he court instead should have estimated loss using the 'net loss' method contemplated by the 'Government Benefits' rule of USSG § 2B1.1, comment. (n. 3(F)(ii)), which would have resulted in a far lower loss amount." Br. for Appellant at 13, Kwushue, 735 F. App'x 693, 2017 WL 2061200. On direct appeal, in addition to stating that the government benefits rule contemplated a net loss method, Movant

also described the method used in Lulseged[8] as using the net loss method, stating as

follows –

> Recently, a panel of this Court in an unpublished opinion upheld a district court's determination of loss amount under USSG § 2B1.1 in a food stamp fraud prosecution where the district court relied on a "net loss" methodology that calculated loss as the difference between the total amount of food-stamp redemptions made over the relevant time period, minus the value of documented food stamp-eligible inventory the defendant had in his store over that same period. See [Lulseged, 735 F. App'x 719, 724-25] . . . . On appeal, a panel of this Court affirmed, upholding the district court's calculation as a 'reasonable estimate' of loss.

Second Corrected Reply Br. for Appellant at 5-6, Kwushue, 735 F. App'x 693, 2017

WL 3448261.  The Eleventh Circuit Court of Appeals found no error and rejected

Movant's claim in regard to the loss amount.  Kwushue, 735 F. App'x at 694.[9]

---

[8]After Movant's sentencing, Lulseged, relied on by counsel prior to sentencing, was decided on direct appeal.  See United States v. Lulseged, 688 F. App'x 719 (11th Cir. 2017).

[9]Notably, the Eleventh Circuit was not persuaded by Movant's argument based on Slaton that the net loss method in note 3(F)(ii) should have governed in Movant's case.  See Br. for Appellant at 17-18, Kwushue, 735 F. App'x 693, 2017 WL 2061200; see also United States v. Slaton, 801 F.3d 1308, 1318 (11th Cir. 2015) (referring to note 3(F)(ii) and stating, "[b]ecause worker's compensation is a government benefit, the guidelines' net loss approach governs the loss calculation in a fraud case involving worker's compensation").

28

Movant argues that sentencing counsel was ineffective for failing to argue the loss amount by using the government benefits rule in § 2B1.1, note 3(F)(ii).  (Mov't Mem. at 42-43).

Generally, loss amount under § 2B1.1(b)(1) is the greater of actual or intended loss.   U.S.S.G. § 2B1.1, Application Note 3(A).   "The court need only make a reasonable estimate of the loss. The sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence.  For this reason, the court's loss determination is entitled to appropriate deference."  Id., Application Note 3(C).  Factors to be considered include "general factors, such as the scope and duration of the offense and *revenues generated by similar operations*."  Id., Application Note 3(C)(vi) (emphasis added).  Additionally, the guideline notes include special rules to assist in determining loss related to government benefits as follows –

> In a case involving government benefits (e.g., grants, loans, entitlement program payments), loss shall be considered to be not less than the value of the benefits obtained by unintended recipients or diverted to unintended uses, as the case may be.  For example, if the defendant was the intended recipient of food stamps having a value of $100 but fraudulently received food stamps having a value of $150, loss is $50.

Id., Application Note 3(F)(ii).

29

Movant's claim against sentencing counsel fails because it is factually incorrect. Sentencing counsel in fact argued that government's loss calculation was flawed because it did not use the method used in Lulseged, which Movant on appeal argued was the net loss method that the Court should have used.  See Second Corrected Reply Br. for Appellant at 5-7, Kwushue, 735 F. App'x 693, 2017 WL 3448261.

Further, in light of this Court's prior rejection of Movant's argument based on Lulseged, the Eleventh Circuit Court of Appeals rejection of Movant's arguments on appeal, and note 3(C)(vi), Movant fails to show that there is a reasonable probability that the Court would have found a different loss amount had counsel, in addition to relying on Lulseged, argued with a direct quote from the language in note 3(F)(ii) that the "loss shall be considered to be *not less than* the value of the benefits obtained by unintended recipients or diverted to unintended uses[.]" U.S.S.G. § 2B1.1, Application Note 3(F)(ii) (emphasis added); see United States v. Griffith, 584 F.3d 1004, 1017 (10th Cir. 2009) ("Griffith misreads [note 3(F)(ii)], eliding the phrase 'not less than' and asserting that '[t]o establish the appropriate loss amount, the government had to establish the dollar amount of VA benefits that were diverted from Norvell's support, maintenance and benefit.' . . . Far from establishing a ceiling on loss under § 2B1.1, however, the commentary Griffith cites instead establishes a floor for that

calculation."); <u>United States v. Dedman</u>, 527 F.3d 577, 602 (6th Cir. 2008) ("[B]y saying 'not less than the value of benefits obtained,' the Guidelines suggest that the dollar amount that the defendant receives serves as a minimum value for the government's loss, but that the government's loss can exceed that value.").[10]  Ground eight (f) fails.

### g.   **Failing to Investigate Mitigating Evidence**

In ground eight (g), Movant argues that counsel was ineffective for failing to investigate evidence relevant to loss amount:  (1) whether Movant sold food items to customers on credit, which customers opted to pay off with food stamps, and had asked the arresting agent if it was wrong to collect such debts; (2) the closing of a nearby food mart, which increased Movant's food stamp sales; and (3) whether Movant bargained with customers.  (Mov't Mem. at 44-45).  Respondent argues that Movant fails to show how counsel could have pursued such investigation or that there is a reasonable probability an investigation would have changed the result of the proceedings.  (Resp't Resp. at 25-26).

---

[10]As indicated earlier, although the Eleventh Circuit in <u>Slaton</u> stated that the net loss approach governs in a government benefits case involving workers compensation, the Eleventh Circuit was unpersuaded by Movant's argument based on <u>Slaton</u>.

Movant makes no concrete showing as to what the investigation would have shown and, thus, fails to show that he was prejudiced by counsel's failure to pursue these matters.  See Hill v. Moore, 175 F.3d 915, 923 (11th Cir. 1999) (holding that absent proffer of relevant evidence that counsel should have produced, the petitioner could not show prejudice based on counsel's failure to introduce such evidence).

### h.    Ineffective Assistance of Appellate Counsel

In ground eight (h), Movant argues that appellate counsel was ineffective because, at oral argument, she abandoned the claim that there was an insufficient factual basis for his guilty plea and that his guilty plea was not valid.  (Mov't Mem. at 45-46).

The Eleventh Circuit Court of Appeals' opinion does not show that counsel abandoned the claim.  See Kwushue, 735 F. App'x at 694.  It appears that Movant is referring to counsel's decision not to offer oral argument on the matter.  However, Movant does not show how or what counsel should have argued that would have had a reasonable probability of achieving a different appellate result.  Accordingly, Movant fails to show prejudice on his claim against appellate counsel.

32

## IV.   Certificate of Appealability (COA)

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Melton v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, the prisoner in order to obtain a COA, still must show both (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Lambrix v. Sec'y, DOC, 872 F.3d 1170, 1179 (11th Cir.) (quoting Slack, 529 U.S. at 484), cert. denied, _ U.S. _, 138 S. Ct. 312 (2017).

33

It is recommended that a COA is unwarranted because the resolution of Movant's grounds for relief is not reasonably debatable.  If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## V. <u>Conclusion</u>

For the reasons stated above,

**IT IS RECOMMENDED** that Respondent's response/motion to dismiss [136] be **GRANTED** and that Movant's motion [106] to vacate, set aside, or correct his federal sentence be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion from the assigned Magistrate Judge.

34

**IT IS SO RECOMMENDED and DIRECTED**, this 13th day of May, 2019.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)