# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SAMUEL KWUSHUE,
    Movant,

v.

UNITED STATES OF AMERICA,
    Respondent.

: CRIMINAL ACTION NO.
: 1:15-CR-0398-SCJ

## **ORDER**

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R) recommending that the instant motion to vacate brought pursuant to 28 U.S.C. § 2255 be denied. [Doc. 141]. Movant has filed his objections in response to the R&R. [Doc. 143].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

AO 72A
(Rev.8/82)

On February 29, 2016, Movant pled guilty to eight counts of wire fraud in violation of 18 U.S.C. § 1343 in connection with his operation of a scheme in which he made discounted cash payments to Supplemental Nutrition Assistance Program recipients in exchange for their food stamps. [Doc. 25]. On August 19, 2016, this Court imposed a fifty-one month term of incarceration and set restitution at $5,249,958.57. [Doc. 40]. Movant appealed, and the Eleventh Circuit affirmed. United States v. Kwushue, 735 F. App'x 693, 694 (11th Cir. 2018). On November 5, 2018, the United States Supreme Court denied certiorari. Kwushue v. United States, 139 S. Ct. 473 (2018). Movant then filed the instant § 2255 motion raising eight grounds for relief.

In the R&R, the Magistrate Judge recommends denying the § 2255 motion. The Magistrate Judge concluded that the claims raised in Movant's Grounds 1-7 were either (1) decided adversely to him by the Eleventh Circuit, Stoufflet v. United States, 757 F.3d 1236, 1239 (11th Cir. 2014) (matters decided adversely to movant on direct appeal cannot be relitigated under § 2255); (2) procedurally defaulted and Movant failed to demonstrate cause and prejudice to overcome the procedural bar; (3) not supported by the record; or (4) not cognizable under § 2255.

In his Ground 8, Movant raised eight claims of ineffective assistance of counsel. Analyzing those claims under the proper standard announced in Strickland v.

Washington, 466 U.S. 668, 687 (1984), the Magistrate Judge concluded that Movant had failed to demonstrate that his counsel was ineffective. Certain of Movant's ineffective assistance claims were directly contradicted by the record while others were foreclosed by the Eleventh Circuit's opinion affirming his conviction and sentence. With regard to the remainder of those claims, the Magistrate Judge concluded that Movant had failed to demonstrate that his counsel had been deficient and/or that he had established prejudice under Strickland.

In his objections, Movant mostly reargues his claims without pointing out how the Magistrate Judge supposedly erred. Where he does claim error on the part of the Magistrate Judge, his arguments are either entirely conclusory or otherwise unavailing. Having performed a *de novo* review if the record in light of Movant's objections, this Court now holds that the Magistrate Judge's findings and conclusions are correct. Accordingly, the R&R, [Doc. 141], is hereby **ADOPTED** as the order of this Court, and the pending § 2255 motion, [Doc. 106], is **DENIED**. The Clerk is **DIRECTED** to close Civil Case Number 1:18-CV-5591-SCJ.

This Court further agrees with the Magistrate Judge that (1) "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), and no hearing is required, and (2) Movant has failed to make a substantial showing of the denial of a constitutional right, and a Certificate of

AO 72A
(Rev.8/82)

Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2). Movant's motions for a Certificate of Appealability, [Docs. 144, 145], are likewise **DENIED**.

In response to Movant's motions to quash the writ of continuing garnishment, [Docs. 89, 109], this Court points out that, in affirming Movant's conviction and sentence, the Eleventh Circuit concluded that this Court did not err in determining the restitution amount of $5,249,958.57. Moreover, the record flatly contradicts Movant's contention that the Government and this Court violated the statutory notice requirements in connection with the writ of continuing garnishment. Finally, the Government has now filed amended packages for writs of continuing garnishment, [Docs. 123, 125], which set forth the correct restitution and special assessment amounts. Accordingly, the motions, [Doc. 89, 109], are **DENIED**.

As this Court has denied Movant's § 2255 motion, his motion to withhold the final disposition order with respect to the writ of continuing garnishment pending the outcome of the § 2255 motion, [Doc. 128], is **DENIED** as moot.

**IT IS SO ORDERED**, this 27th day of June, 2019.

s/Steve C. Jones  
STEVE C. JONES  
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)